William P. Frank
John Boyle
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
william.frank@skadden.com
john.boyle@skadden.com

*Attorneys for Non-Party John T. Dunlap*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
SOVEREIGN MILITARY HOSPITALLER ORDER
OF SAINT JOHN OF JERUSALEM OF RHODES
AND OF MALTA,

      Plaintiff,

  - against -

THE FLORIDA PRIORY OF THE KNIGHTS
HOSPITALLERS OF THE
SOVEREIGN ORDER OF SAINT JOHN OF
JERUSALEM, KNIGHTS OF MALTA, THE
ECUMENICAL ORDER ,

      Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Misc. _____

(Case No. 9:09-cv-81008 pending in the Southern District of Florida)


**MEMORANDUM OF LAW IN SUPPORT
OF NON-PARTY JOHN T. DUNLAP'S MOTION TO QUASH**

**PRELIMINARY STATEMENT**

Pursuant to Rules 45(b)(1), 45(d)(3)(A)(i), (iii) & (iv), and 26(c)(1) of the Federal Rules of Civil Procedure, non-party John Dunlap asks the Court to quash a February 10, 2019 subpoena to testify (the "Subpoena") that was purportedly served by Defendant The Florida Priory of The Knights Hospitallers of the Sovereign Order of Saint John of Jerusalem, Knights of Malta, The Ecumenical Order (the "Florida Priory"), and to preclude the Florida Priory from taking his deposition.[1]

The Florida Priory improperly seeks to depose Mr. Dunlap despite the fact that: (1) he will not be a witness in the underlying contempt proceedings; (2) he lacks any personal knowledge as to the actions that give rise to the underlying contempt proceedings; (3) depositions were limited to persons who would actually testify at the contempt proceedings (a group to which Mr. Dunlap does not belong); (4) the Subpoena was never properly or timely served; and (5) the Subpoena fails to provide a reasonable time for compliance.

What is clear from the Florida Priory's action is that its illegitimate and improper motivation is to harass Mr. Dunlap – a member of the Plaintiff's Sovereign Council and one of the most senior members of the Plaintiff's charitable organization – by serving (and refusing to withdraw) this invalid Subpoena. As disclosed in his declaration, Mr. Dunlap has no personal or unique knowledge and no relevant information concerning the events at the Atlanta Investiture that form the basis for this contempt proceeding.[2] He has not been designated by the Plaintiff as a potential witness and he was not a trial witness or a deponent in the original action. Other witnesses, including the Rule 30(b)(6) witness designated by the Plaintiff, will provide the

---

[1] A copy of the Subpoena is attached as Exhibit A to the Declaration of John Boyle (the "Boyle Decl."), filed contemporaneously with this Motion.

[2] A copy of Mr. Dunlap's declaration (the "Dunlap Decl.") is filed contemporaneously with this Motion.

firsthand and relevant testimony concerning the events at issue. Having non-party John Dunlap sit for a meaningless deposition on matters for which he has no personal knowledge imposes an undue burden on him. Mr. Dunlap's deposition is not proportional to the needs of this narrow contempt proceeding given the parties' relative access to relevant information from other prescient witnesses, the amount in controversy, and the lack of importance his testimony might offer to resolve the contempt issues and the actions of the Florida Priory at the Atlanta Investiture. Thus, the burden on Mr. Dunlap to prepare for and respond to the Subpoena concerning matters upon which he has no unique or personal knowledge clearly outweighs any potential benefit that could be derived from his testimony, which at best would be irrelevant to the issues raised in Plaintiff's contempt motion.

Furthermore, and underscoring the illegitimacy of the Florida Priory's tactics, it appears that the Subpoena was never properly or timely served. First, the subpoena was not personally delivered to Mr. Dunlap as is required under Fed. R. Civ. P. 45(b)(1). Second, no witness fee and mileage fee was tendered with the Subpoena, as is also required under Fed. R. Civ. P. 45(b)(1). Third, even if some form of alternative service available under New York law other than personal delivery had been permitted (and none was), service did not comply with New York law because no copy of the Subpoena was ever mailed to Mr. Dunlap as is required under CPLR 308(2). And, fourth, service of the Subpoena (even had it been properly effected) was not completed in the time required under the Discovery Scheduling Order entered in the contempt proceeding.[3] Although the Florida Priory was informed of these service infirmaries, rather than withdraw this substantively unwarranted and invalid Subpoena, the Florida Priory has

---

[3] A copy of the Discovery Scheduling Order, entered on January 24, 2019, is attached as Exhibit B to the Boyle Decl.

2

forced Mr. Dunlap to seek judicial intervention in the Southern District of New York to quash the Subpoena.[4]

For the reasons advanced herein, this Court should grant Mr. Dunlap's Motion to Quash and enter a protective order precluding his deposition. In addition, because the Florida Priory's actions were unjustified, this Court should, pursuant to Fed. R. Civ. P. 37(a)(5), order the Florida Priory to pay all of Mr. Dunlap's fees and expenses incurred in bringing this motion.

## ARGUMENT

**A.  The Non-Party Subpoena Should be Quashed Because it Seeks Irrelevant Testimony from a Person Lacking Personal Knowledge of the Issues in Controversy**

The Subpoena should be quashed because it places an undue burden on Mr. Dunlap given that he cannot provide any information relevant to events at an investiture ceremony held in March 2018 in Atlanta, Georgia (the "Atlanta Investiture") that are the bases for the contempt proceeding pending the Southern District of Florida. In that proceeding, the Plaintiff is seeking an order requiring the Defendant and an individual, Nicholas Papanicolaou, to show cause as to why they should not be held in contempt for violating a permanent injunction entered by the Florida court on September 12, 2016.[5] That contempt proceeding is based upon the Defendant's and Mr. Papanicolaou's use of certain of Plaintiff's registered service marks at the Atlanta Investiture in violation of the permanent injunction that prohibited any such use.

Mr. Dunlap was not present at the Atlanta Investiture. (Dunlap Decl. ¶ 7). He has no unique or personal knowledge as to the allegations made in in the Plaintiff's contempt

---

[4]  As set forth in the Motion, before filing counsel for Mr. Dunlap contacted counsel for the Florida Priory advising him of the bases for this motion and asking him to withdraw the Subpoena. He did not agree to do so.

[5]  A copy of the United States District Court for the Southern District of Florida's Final Judgment and Permanent Injunction (S.D. Fla. No. 9:09-cv-81008 [Dkt. No. 218]) is attached as Exhibit C to the Boyle Decl.

3

motion.[6]  (*Id.* ¶ 8).  He has no unique or personal knowledge concerning the service of the permanent injunction order on the Defendant or Nicholas Papanicolaou.  (*Id*. ¶ 9).  Mr. Dunlap did not negotiate the settlement of the original action with the Defendant, was not a party to any such settlement, and did not sign any stipulation of settlement.   (*Id*. ¶ 10).  Similarly, he has no knowledge as to the authenticity of the video or photographic evidence that may be used to support the contempt motion.  (*Id.* ¶ 11).  Notably, other witnesses, including Michael Grace (who will testify both his an individual capacity and as a Rule 30(b)(6) designee for Plaintiff), will provide firsthand testimony based upon their personal knowledge and their status as Plaintiff's Rule 30(b)(6) designee regarding these issues.  (*Id.* ¶ 13).  Further, Defendant's own witnesses can provide firsthand testimony concerning their understanding of the events at the Atlanta Investiture and offer testimony concerning any factual defenses they may wish to present in response to the contempt motion.  Any information the Mr. Dunlap has concerning the events at issue in the contempt proceeding and the Florida Priory's violations of the permanent injunction order was derived from privileged communications he had with legal counsel for the Plaintiff.  (*Id.* ¶ 12).

       Under these circumstances, the deposition of Mr. Dunlap – one of the most high-ranking and senior members in the Plaintiff's charitable organization – should be quashed.  "[A] party seeking to depose a high ranking corporate officer must first establish that the executive: (1) has unique, non-repetitive, firsthand knowledge of the facts at issue; and (2) that other less intrusive means of discovery, such as interrogatories and depositions of other employees, have been exhausted without success."  *Sun Capital Partners, Inc. v. Twin City Fire Ins. Co.*, 310

---

[6]  A copy of the Plaintiff's contempt motion filed on Oct. 2, 2018 in S.D. Fla. No. 9:09-cv-81008 [Dkt. No. 224] is attached as Exhibit D to the Boyle Decl.

4

F.R.D. 523, 527 (S.D. Fla. 2015) (*quotations omitted*). The party seeking the deposition of the high-ranking official has the burden to show that the deposition is necessary. *Id.*

Indeed, "courts in the Second Circuit routinely grant protective orders to bar depositions of high-ranking officials (known as 'Apex' depositions) with no personal or unique knowledge of relevant facts." *Roberts v. Los Alamos Nat'l Sec., LLC*, No. 11-CV-6206, 2015 WL 7444636, at *2 (W.D.N.Y. Nov. 23, 2015) (limiting scope of deposition to topics where high-level executive has "unique or first-hand knowledge"); *see, e.g., Milione v. City University of New York*, 950 F. Supp. 2d 704, 714 (S.D.N.Y. 2013) (precluding the deposition of CUNY Chancellor who affirmed by affidavit that he had no personal knowledge of the litigation); *Burns v. Bank of America*, No. 03 Civ. 1685, 2007 WL 1589437, at *3-*4 (S.D.N.Y. June 4, 2007) (denying motion to compel testimony from bank's high-ranking officer where, among other things, the officer attested that he has no personal knowledge of the events at issue).

Mr. Dunlap did not attend the Atlanta Investiture and has no unique or firsthand knowledge concerning the Defendant's violations of the permanent injunction. (*See* Dunlap Decl. at ¶¶ 7-13). For these reasons, there is no justification for Defendant to subpoena Mr. Dunlap for his testimony. Defendant's effort to do so is a blatant and obvious attempt to harass and waste the time of a high-ranking official of the Plaintiff who had nothing to do with the Defendant's violations of the permanent injunction order or the factual issues to be resolved at the contempt proceeding. Mr. Dunlap does not have any unique or firsthand knowledge about the issues at hand, and any information that could possibly be elicited from him could just as easily be obtained from other witnesses who are scheduled to be deposed and from Defendant' own witnesses. (*See id.* ¶ 13). Accordingly, Mr. Dunlap's deposition should be precluded and

the Subpoena quashed.  *See Roberts*, 2015 WL 7444636, at *3; *Milione*, 950 F. Supp. 2d at 714 (S.D.N.Y. 2013).

### B. The Florida Priory Did Not Timely or Properly Serve the Subpoena

The Subpoena should also be quashed because it was not properly served.  First, it was not personally delivered on Mr. Dunlap as is required under Rule 45(b)(1).  Mr. Dunlap was out of the country when the Subpoena was purportedly served on February 21, 2019, and had been out of the country since February 1, 2019.  (*See* Dunlap Decl. ¶ 4).  Instead, the Subpoena was simply left at Mr. Dunlap's office with a person who was not authorized to accept service and who informed the process server of the same.  (*See* Declaration of Raymond J. Dowd in Support of Motion to Quash (the "Dowd Decl.") ¶ 2; Dunlap Decl. ¶5)).  Service of a subpoena in this manner is invalid.  Fed. R. Civ. P. 45(b)(1) ("Service of a subpoena requires delivering a copy to the named person…."); *City of New York v. FedEx Ground Package Sys., Inc.*, No. 13-CV-9173, 2015 WL 783363, at *2 (S.D.N.Y. Feb. 24, 2015) ("[P]ersonal service of subpoenas is required.  The use of the word 'delivering' in subdivision (b)(1) of the rule with reference to the person to be served has been construed literally.... ") (citations and quotations omitted); *Accurso v. Cooper Power Sys., Inc.*, No. 06CV848, 2008 WL 2510140, at *4 (W.D.N.Y. June 19, 2008) ("This Court, however, agrees with the majority of jurisdictions (and commentators) and holds that Rule 45(b)(1) requires personal delivery of a subpoena upon the party being served, absent an Order to the contrary authorizing alternative service."); *see also* 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2454 (3d ed. 2008) ("The longstanding interpretation of Rule 45 has been that personal service of subpoenas is required.  The use of the word "delivering" in subdivision (b)(1) of the rule with reference to the person to be served has been construed literally.  Under this construction, contrary to the practice with regard to the

service of a summons and complaint, it is not sufficient to leave a copy of the subpoena at the dwelling place of the witness.") (internal footnotes omitted).

Second, no witness fees were tendered with the Subpoena – a defect that also invalidates the Subpoena.  (*See* Dowd Decl. ¶¶ 4-5; Dunlap Decl. ¶ 5); *see, e.g., In re Dennis*, 330 F.3d 696, 705 (5th Cir. 2003) (holding that under Rule 45(b)(1) a subpoena is not properly served if it fails to also tender the correct amount of witness fees at the time of service); *Juliao v. Charles Rutenberg Realty, Inc.*, No. CV-140808, 2018 WL 5020167, at *6 (E.D.N.Y. July 23, 2018), report and recommendation adopted, 2018 WL 4502172 (E.D.N.Y. Sept. 20, 2018) (stating that "[t]he clear language of Rule 45 indicates – and federal courts both inside and outside of the Second Circuit have held – that failure to tender the required witness fee and mileage allowance can serve as an adequate ground for the invalidation of a subpoena") (quotations and citations omitted); *City of New York v. FedEx,* 2015 WL 783363, at *3. *4 (finding subpoena invalid "as it contravenes Rule 45(b)(1), because: (a) it was not served personally on the non-party; and (b) no fees were tendered"); *Brown v. Hendler*, No. 09 CIV. 4486, 2011 WL 321139, at *2 (S.D.N.Y. Jan. 31, 2011) ("[T]he plain meaning of Rule 45 requires simultaneous tendering of witness fees and the reasonably estimated mileage allowed by law with service of a subpoena."); *Song v. Dreamtouch, Inc.*, No. 01 Civ. 0386, 2001 WL 487413 at *7 (S.D.N.Y. May 8, 2001) ("Where no fee is tendered with the service of a subpoena requiring a witness' attendance, the service is invalid.").

Even had the proper fee been tendered, service was still invalid.  It appears that the Florida Priory may have relied on CPLR 308(2) in attempting to effectuate service by delivering the Subpoena to Mr. Dunlap's place of business during a period when Mr. Dunlap was out of the country.  (*See* Dunlap Decl. ¶¶ 4-5).  CPLR 308(2), however, only authorizes service

7

by delivery to a person of suitable age and discretion at the witness' place of business if the subpoena is also mailed to the witness:  this is a two-step form of service in which delivery and mailing are both essential.  Here, no mailing was ever effected.  (*See* Dunlap Decl. ¶ 6).  The requirements of CPLR 308(2) are literally applied and service is not deemed complete until a copy of the subpoena is also mailed.  *See Zeballos v. Tan*, No. 06 CIV. 1268, 2006 WL 1975995, at *4 (S.D.N.Y. July 10, 2006) (finding that there was no service in compliance with CPLR 308(2) because plaintiff failed to make the required mailing);  *In re Chaus Secs. Litig.*, 801 F. Supp. 1257, 1262 (S.D.N.Y. 1992) (holding that service with manager at defendant's New York office was not proper absent proof that copies of process were also mailed as required under CPLR 308(2)).  Because the Subpoena was not mailed to Mr. Dunlap, the Subpoena has not been properly served even if alternative service was permissible (and it was not).  *See GMA Accessories, Inc. v. Solnicki*, No. 07 Civ. 3219, 2010 WL 3749213, at *3-*4 (S.D.N.Y. Sept. 24, 2010) (refusing to enforce subpoena not served in compliance with CPLR 308(2)).

As to timeliness, even assuming the Subpoena was properly served (and it was not), there is no question the Subpoena was not timely served.  The Florida Priory did not initiate service of the Subpoena until February 21, 2019.  (*See* Dowd Decl. ¶ 2; Dunlap. Decl. at ¶ 5).  The Florida Priory's belated service is fatal to the enforcement of the Subpoena.  Under the Discovery Scheduling Order entered by the Florida court, service was to be effected no later than February 10.  (*See* Boyle Decl., Ex. B at ¶ 2).  Thus, the Florida Priory's attempt to serve the Subpoena on Mr. Dunlap was eleven days too late.

**C.     The Subpoena Should be Quashed Because It Fails to Give the Witness Reasonable Time to Comply**

The Subpoena should also be quashed because it fails to provide Mr. Dunlap with enough time to comply.  The Discovery Scheduling Order contemplates a period of no less than

14 days after service before a deposition may be held.  Because the service on Mr. Dunlap (albeit ineffective) did not occur until February 21, 2019, the demand for a March 4, 2019 deposition – just 11 days later – is unreasonable.  (*See* Boyle Decl. Ex. B at ¶ 2).  Furthermore, the local civil rule in the Southern District of Florida, where the contempt proceeding is pending, mandates that conclusion.  Under the local rule entitled, "Reasonable Notice of Taking Depositions," the Southern District of Florida requires that "a party desiring to take the deposition in another State of any person . . . <u>shall give at least fourteen (14) days' notice in writing to</u> every other party to the action and <u>the deponent (if the deposition is not of a party)</u>).  S.D. Fla. L.R. 26.1(h)(emphasis added).

Not only does this local rule expressly govern in circumstances like this, where the deposition of a non-party is sought in New York, but protection of the non-party witness is also self-executing, even without the need for any motion to quash or for a protective order.  Specifically, the rule provides that the "[f]ailure to comply with this rule obviates the need for protective order." *Id.*  Thus under both the Discovery Scheduling Order and the applicable local rule, any subpoena seeking a deposition out of state on less than 14 days' notice is per se unreasonable.  Because the Subpoena as purportedly served on Mr. Dunlap did not provide the minimum notice required under the Discovery Scheduling Order or the local rule (a violation that, standing alone, gives rise to an automatic protective order), the Subpoena should be quashed.

## CONCLUSION

For all the foregoing reasons, Mr. Dunlap respectfully requests that the Subpoena be quashed and that an order be entered directing the Florida Priory (i) not to depose Mr. Dunlap, and (ii) to pay Mr. Dunlap's reasonable expenses in bringing this motion, including his attorneys' fees.

Dated:  New York, New York

9

March 1, 2019

                SKADDEN, ARPS, SLATE,
                 MEAGHER & FLOM LLP

            By: */s/ John Boyle*
                William P. Frank
                william.frank@skadden.com
                John Boyle
                john.boyle@skadden.com
                Four Times Square
                New York, New York 10036-6522
                (212) 735-3000

            *Attorneys for Non-Party John T. Dunlap*